

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 6, 2016

**BY ELECTRONIC FILING**

The Honorable Dora L. Irizarry
Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Alfaro v. United States Customs and Border Prot. et al.*
              Civ. No. 16-CV-2199 (Irizarry, J.) (Mann, M.J.)

Dear Chief Judge Irizarry:

      In accordance with Your Honor's rules governing civil motion practice, the undersigned Assistant United States Attorney writes on behalf of defendants United States Customs and Border Protection ("CBP"), United States Department of Homeland Security and the United States of America (collectively, "United States") to respectfully request a pre-motion conference in the above-referenced action, to establish a briefing schedule for the government's motion pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss this action for lack of subject matter jurisdiction and plaintiff's failure to state a claim for which relief can be granted, or in the alternative, for summary judgment.

      Plaintiff Blanca Maria Alfaro purported to bring this action against the United States under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See* Compl., Counts I, II. She also asserted causes of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. *See* Compl., Counts III, IV. All four (4) causes of action in the Complaint arise out of plaintiff's apprehension by CBP at the Hidalgo, Texas Port of Entry on March 11, 2013 and subsequent 17-day detention by United States Immigration and Customs Enforcement ("ICE"). Defendants intend to move to dismiss the Complaint because: (1) the United States is immune from suit for plaintiff's claims of constitutional violations; (2) plaintiff failed to bring her *Bivens* claims within the applicable statute of limitations; (3) plaintiff's general negligence claim is barred for lack of a private analog; (4) plaintiff failed to state a claim for false arrest; and (5) plaintiff failed to exhaust her administrative remedies.

   **A. Plaintiff's *Bivens*/Constitutional Tort Claims**

      It has been settled beyond dispute that the United States has not waived sovereign

*Honorable Dora L. Irizarry*
*October 6, 2016*
*Page 2*

immunity with respect to constitutional tort claims against the United States, its agencies or federal employees sued in their official capacities. *See, e.g., F.D.I.C. v. Meyer,* 510 U.S. 471, 486 (1994); *Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994).  Here, plaintiff has not alleged that the United States has waived immunity with regard to her constitutional tort claims (Compl., Counts I and II), nor has she identified any statute that waives immunity for such claims. *See, e.g., Clinton County Comm'rs v. United States Envtl. Protection Agency*, 116 F.3d 1018, 1021 (3d Cir. 1997). Further, the courts of the Fifth Circuit, where plaintiff's claims arose, have declined to extend *Bivens* remedies to the immigration enforcement arena. *See De la Paz v. Coy*, 786 F.3d 367, 380 (5th Cir. 2015) ("extending *Bivens* actions to [the immigration context] could cripple immigration enforcement with the distraction, cost and delay of lawsuits, even as it exposed enforcement officers to personal liability simply for doing their jobs").

Plaintiff's *Bivens*-type claims also are subject to dismissal because plaintiff failed to file them within the applicable two-year statute of limitations. "*Bivens* actions, like actions under [42 U.S.C.] § 1983, are considered as personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996).  Thus, Texas law applies for purposes of computing plaintiff's limitations period because plaintiff's arrest and initial detention occurred in Hidalgo, Texas.  "[The Fifth Circuit], applying Texas law, has held that the statute of limitations period on a *Bivens* claim is two years." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999).  Since plaintiff did not file this action until May 3, 2016, her *Bivens* claims are barred by the statute of limitations, which expired on March 11, 2015, two years from the date of her arrest.

### B.  Plaintiff's FTCA Claims

The FTCA provides a limited waiver of the sovereign immunity of the United States for certain enumerated torts. The FTCA's limited waiver of sovereign immunity extends only to "circumstances where the United States, if a *private person*, would be liable to the claimant in accordance with the law of the place where the [tortious] act or omission occurred." *Guttridge v. United States*, 927 F.2d 730, 731 (2d Cir. 1991) (emphasis added); 28 U.S.C. § 1346(b).  In other words, "the United States cannot be held liable when there is no comparable cause of action against a private person." *C.P. Chem. Co., Inc. v. United States*, 810 F.2d 34, 37 (2d Cir. 1987). Thus, the FTCA's waiver of sovereign immunity does not extend to tort claims arising from conduct for which there is no private analog -- *i.e.*, conduct "'of a governmental nature or function,' . . . that has no analogous liability in the law of torts." *Akutowicz v. United States,* 859 F. 2d 1122, 1125 (2d Cir. 1988) (quoting *Dalehite v. United States*, 346 U.S. 956, 964 (1953)). Because plaintiff's cause of action for negligence (Count IV) arises out of the apprehension and detention of a person suspected of being an alien and the adjudication of her citizenship claim, which actions no private person is empowered to perform, the Court lacks jurisdiction to hear her negligence claim, and it must fail as a matter of law. *See Caban v. United States*, 728 F.2d 68 (2d Cir. 1984) (dismissing claim that immigration officers detained at JFK airport a person whom they erroneously believed to be an alien).  Likewise, to the extent plaintiff's negligence claim is based on the violation of CBP regulations (*see* Compl., ¶ 73-75), the claim must be dismissed because no comparable cause of action exists holding a private individual liable. *See McGowan v. United States*, 825 F.3d 118, 126 (2d Cir. 2016) (dismissing negligence claim for lack of

*Honorable Dora L. Irizarry*
*October 6, 2016*
*Page 3*

jurisdiction where claim predicated on government agency's failure to follow its own regulations because private persons would not similarly be liable).

Plaintiff's claims for false arrest and false imprisonment (Count III) also must fail because she has failed to state a claim for which relief can be granted. Under Texas law, a necessary element of a claim for false imprisonment is that the detention be "without authority of law." *Pete v. Metcalfe*, 8 F.3d 214, 218 (5th Cir. 1993) (citing *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985)). Courts look to federal law to determine whether a detention by a federal law enforcement agency was under "authority of law." *Davila v. United States*, 713 F.3d 248, 262 (5th Cir. 2013) (detention by National Park Service rangers was authorized by federal statute, and thus was under authority of law for purposes of false imprisonment claim against the United States); *Saldana v. United States*, No. L-83-46, 1985 WL 5997, at *4-*6 (S.D. Tex. Nov. 7, 1985) (detention on immigration violations was authorized under federal immigration law, and thus was under authority of law for purposes of false imprisonment claim against the United States). Thus, even if plaintiff had sufficiently pled this cause of action – which she has not – it would have to be dismissed because CBP and ICE officers were authorized by federal law to arrest and detain a person suspected of being an alien.

Additionally, plaintiff failed to comply with the FTCA's presentment requirements, and thus, has failed to administratively exhaust her tort claims, requiring dismissal. The FTCA requires a plaintiff asserting a claim for personal injury to present sufficient evidence to support her claim, including medical reports, bills and wage statements. *Romulus v. U.S.*, 160 F.3d 131 (2d Cir. 1998). The notice of claim must provide "enough information to permit the agency to conduct an investigation and to estimate the claim's worth." *Id*. at 132; *see also Lee v. United States*, No. 11-CV-331, 2013 WL 4048329, at *5 (E.D.N.Y. Aug. 9, 2013) (Mauskopf, J.) (dismissing FTCA action where administrative claim provided only "a general description of [the] injuries," but no supporting documentation that would allow the agency to "deduce the extent or severity of those injuries"). Because plaintiff failed to provide any documentary support for her claimed injuries during the administrative phase of her claim, her tort claims must be dismissed.

                Respectfully submitted,

                ROBERT L. CAPERS
                United States Attorney

By:    /s/ *Sean P. Greene*
       Sean P. Greene
       Assistant U.S. Attorney
       (718) 254-6484
       sean.greene@usdoj.gov

cc:      Robinson Iglesias, Esq. (by electronic filing)
         *Attorney for Plaintiff*